UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:                                                    CASE NO.

**JERRY MICHAEL HOLLANDER**                               **04-14550**
**SHEILA STORY HOLLANDER**                                SECTION A

DEBTORS                                                   CHAPTER 7


**ROBERT SIGILLITO**                                      ADVERSAY NO .
**RHONDA SIGILLITO**
                                                          **04-1193**
PLAINTIFFS

VERSUS

**JERRY MICHAEL HOLLANDER, JR**
**SHEILA STORY HOLLANDER**

DEFENDANTS

<u>**MEMORANDUM OPINION**</u>

Robert and Rhonda Sigillito ("Sigillitos") filed an Adversary proceeding against Jerry and

Sheila Hollander ("Hollanders") on September 9, 2004, alleging that the Hollanders concealed

redhibitory defects when the Hollanders sold the Sigillitos a house at 2665 Claiborne Street,

Mandeville, Louisiana.  The Sigillitos requested that the Court render the claim nondischargeable

pursuant to 11 U.S.C. § 523(a)(2)A).  On January 14, 2009, this Court awarded the Sigillitos a

$26,561.43 nondischargeable judgment.[1]  Upon reconsideration of that award, this Court awarded

the Sigillitos an additional, nondischargeable judgment of $1,863.00.[2]  The Judgment was appealed

to the District Court for the Eastern District of Louisiana ("District Court"), which affirmed in part

---

[1] Pleading 103.

[2] Pleading 114.

and vacated in part this Court's Judgment and remanded for further proceedings.  The District Court

remanded in order for this Court to "determine whether the Sigillitos have proven their claim for

fraud under Louisiana law and whether they would be entitled to recover attorney fees under

[Louisiana Civil Code] article 1958."[3]

## I.  Facts

The facts of this case are well documented in this Court's Memorandum Opinion dated

January 14, 2009,[4] and the District Court's Order and Reasons dated August 24, 2009.[5]  The Court

incorporates them by reference.

## II.  Law and Analysis

The Sigillitos' complaint against the Hollanders arises under two theories or causes of action.

The Sigillitos' first cause of action, in redhibition, was decided by this Court's prior Opinion.[6]

The Court now turns its attention to the Sigillitos' claims for fraud.

Louisiana law distinguishes between the rehibitory action, based on implied warranties

arising from a sale, and actions for fraud or deceit for misrepresentations.  The same set of facts may

give rise to both causes of action, but the elements of each are distinct.  Thus, a claim in redhibition

does not necessarily give rise to a claim for fraud, just as a claim for fraud is not dependent on the

existence of a rehibitory action.

---

[3] Pleading 129, p. 12.

[4] Pleading 103.

[5] Pleading 129.

[6] Pleadings 103,104, and 114.

2

Fraud is an intentional tort.  It comprises all acts, omissions, and concealments involving a legal or equitable breach with a design to obtain some unjust advantage.[7]  A declaration (or misrepresentation) made in good faith by the seller that the thing sold has some quality which it is found not to have gives rise to a claim in redhibition.  However, every false representation does not fall into the category of fraud. The essence of fraud is an intent or design in the mind of the one practicing the artifice to defraud another.[8]

For example, in *Josephs v. Austin*,[9] a realtor knew of a crack in a home's foundation which had not been disclosed.  After the property was sold, the defect was discovered.  The purchaser sued the realtor in fraud, redhibition, and negligent misrepresentation. The Court found that the crack was a "vital piece of information which conceivably would have prompted the purchasers to either reject the house or negotiate a lower price..."[10]  However, in considering plaintiff's claim for fraud, the *Josephs* Court did not find an intent to gain an unjust advantage and denied the purchaser's claim for fraud.[11]

Louisiana law provides, "Every act whatever of man that causes damage to another, obliges him by whose fault it happened to repair it."[12]  Louisiana Civil Code article 2315 contains the

---

[7] La. C. C. Art. 1953; *Thieme v Collier,* 128 So.730 (La. App.2d Cir. 1930).

[8] *Buxton v. McKendrick*, 64 So. 2d 844 (La.1953); *Cotton States Chemical Co, Inc v. Larrison Enterprises, Inc.*, 342 So2d 1212 (La. App.2d Cir. 1977).

[9] Josephs *v. Austin*,  420 So.2d 1181 (La. App. 5th Cir. 1982).

[10] *Id.* at 1185. Because the realtor was not an owner, the action in redhibition was improper.

[11] The Court did award damages based on negligent representation.

[12] La. C.C. Art. 2315(A).

3

grounds under which damages caused as a result of negligence may be recovered.  However, "negligence" is not synonymous with "fraud" or "dishonesty."   If a party in the execution of a contract knowingly endeavors to circumvent his obligation in a manner that is dishonest, fraud may exist.  If the obligor performs his duties without knowledge as to the failure of the thing, his actions may be negligent but not fraudulent.  Fraud or dishonesty in the execution of contracts is never presumed.  The character of acts must be positively and unequivocally supported by clear and convincing proof in order to establish fraud.  If a party is negligent in the performance of a contract, he may be liable for the contract's breach, not because the party acted dishonestly but because of his duty to perform.[13]

In *Dawley v. Sinclair*,[14]  the seller's agent represented to a purchaser that a lot was zoned for commercial use.  After the lot was purchased, the new owner discovered that it was zoned for residential use.  The purchaser sued the realtor for fraud.  The Court found that the realtor labored under a "mistake of fact," was in good faith, and did not intend any harm to the purchaser.  As a result, the Court found the realtor negligent, but not guilty of fraud.

The Sigillitos claim that the Hollanders' failure to disclose prior repairs was a knowing act of fraud perpetrated with an intent to gain an unjust advantage.  In particular, the Sigillitos allege that omissions on the Property Disclosure form constitute acts of fraud.

The Property Disclosure form prepared by the Hollanders is designed to alert prospective home buyers of a home's history.  Two questions on the disclosure are relevant to the discussion of this case. The first is question 15 which requires a homeowner to disclose all defects in the home.

---

[13] *Anders v. Evans*, 187 So. 109, 111-112 (La. App. 2nd Cir. 1939).

[14] *Dawley v. Sinclair*, 419 So.2d 534 (La. App. 5th Cir. 1982).

As previously found, the Hollanders were unaware of any defects in their home. As a result, their failure to disclose the defects in the flooring system was not a knowing misrepresentation.

Question 8 requires a homeowner to disclose all alterations to the home. The Hollanders testified that in response to this inquiry they did not disclose the home's repairs because they did not consider the repairs to be "alterations." The Court finds this testimony credible, if not mistaken. As a result, the Court finds that while the Hollanders omitted material information regarding the history of repairs to the home, it finds that the omission was without intent to obtain an unjust advantage or cause damage.

In its previous Opinion, the Court expressed the belief that the Hollanders were concerned about "chilling" the prospects of a future sale for their home. The Sigillitos argue on remand that this constitutes an intent to obtain an unfair advantage. But, "[a]n act can be wrong without meeting the rigid requirements of fraud."[15]

In *Succession of Guerre*, Guerre owned multiple savings bonds on the date of his death. The bonds were payable to "Guerre *or* (various third parties)." Under Federal law, on Guerre's death the bonds reverted in ownership to the alternatively named parties. Guerre died leaving three forced heirs, none of whom were the alternative parties on the bonds. Based on the value of Guerre's remaining assets, the transfer of the bonds to the alternative parties constituted an impingement on the legitime of the forced heirs. For this reason, the executor listed the bonds on the estate's sworn descriptive list and refused to turn them over to the alternatively named parties. They sued for possession.

---

[15] *Succession of Guerre*, 197 So.2d 738 (4th Cir. 1967).

The forced heirs argued that Guerre's actions were in fraud of their rights and should be prohibited.  The Court recognized that Guerre's purchase of federal bonds in the names of third parties constituted a donation that impinged on the forced heirs legitime. However, because Federal law governed to whom the bonds were payable, the executor could not refuse to deliver the bonds to the rightful owners.  While Guerre's actions were reprehensible in the eyes of the Court, they were not fraudulent in the legal sense.  The Court instead suggested that the heirs cause of action was one against the alternative parties in collation rather than fraud.

For similar reasons, the Hollander's concern over a potential chilling of future sales as a result of floor repairs does not lead the Court to conclude that the Hollanders actions were to obtain an unjust advantage.  The Court accepts that the Hollander's actions were taken not because they believed the information to be relevant, but just the opposite.

The Hollanders justifiably believed their home to be free of prior problems.  They had expended considerable amounts repairing their home and had no reason to believe that it possessed any problems.  As a result, the past history of the house's repairs was, in their minds, irrelevant.  This was not due to an active intent to deceive, but rather a mistaken belief that the information was unnecessary and would irrationally  concern a future buyer.  Of course, this was not an omission they were free to make, and in hindsight, it was clearly done in error.  Nevertheless, a mistake or error in judgment is not the equivalent of an intentional tort.  For these reasons, the Court holds that the Sigillitos have failed to establish their claim for fraud.

### III.  Conclusion

Based on the existing defect, the Court has found the Hollanders liable to the Sigillitos for the costs of repair.  The Court does not find that the Hollanders are liable for damages in fraud. A Judgment on Remand will be separately entered in accordance with this Memorandum Opinion.

New Orleans, Louisiana, January 12, 2010.

Hon. Elizabeth W. Magner
U.S. Bankruptcy Judge