UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: | CASE NO. |
| **JERRY MICHAEL HOLLANDER** | **04-14550** |
| **SHEILA STORY HOLLANDER** | SECTION A |
| DEBTORS | CHAPTER 7 |
| **ROBERT SIGILLITO** | ADVERSARY NO. |
| **RHONDA SIGILLITO** | **04-1193** |
| PLAINTIFFS | |
| VERSUS | |
| **JERRY MICHAEL HOLLANDER, JR** | |
| **SHEILA STORY HOLLANDER** | |
| DEFENDANTS | |

## MEMORANDUM OPINION

Robert and Rhonda Sigillito ("Sigillitos") filed an adversary proceeding against Jerry and Sheila Hollander ("Hollanders") on September 9, 2004, alleging that the Hollanders concealed redhibitory defects when the Hollanders sold the Sigillitos a house located at 2665 Claiborne Street, Mandeville, Louisiana. The Sigillitos requested that the Court render the claim nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A), alleging they bought the house from the Hollanders under false pretenses, false representations, and/or as the result of actual fraud.[1] The only issue remaining is whether the Hollanders acted fraudulently in selling their home to the Sigillitos.

---

[1] P-1.

**I. Procedural History**

In a January 14, 2009 Memorandum Opinion, the Court found the Hollanders liable in redhibition and ordered them to pay the costs associated with remedying the defect.[2] The Court further concluded that the Sigillitos' claim was non-dischargeable in bankruptcy pursuant to §523(a)(2)(A) because the Hollanders had intentionally or with reckless disregard failed to disclose prior repairs or alterations to their home. Thus, because the omission was "intentional" under the nondischargeability statute, the costs to repair were nondischargeable. However, this Court also found that the Hollanders were unaware of any existing defects in the home and had no intention to cause any harm.[3] A finding on the Sigillittos' state law fraud claim was not addressed.

On appeal, the District Court for the Eastern District of Louisiana ("District Court") took no issue with the above findings, but remanded the matter for further findings on the Sigillitos' state law fraud claim.[4] On remand, this Court ruled that the Sigillitos had failed to establish by clear and convincing evidence that the Hollanders had committed fraud.[5] The District Court affirmed.[6] After appeal to the Court of Appeals for the Fifth Circuit ("Fifth Circuit"), remand was ordered regarding the burden of proof applied to the Sigillitos' fraud claim.[7] As directed by the Fifth Circuit's remand, this Court employed a preponderance of the evidence standard of review, again determining that the

---

[2] P-103 at 15.

[3] P-103 at 19-21.

[4] P-129 at 6-13; U.S.D.C. C.V. 09-3355, P-18.

[5] P-132 at 4.

[6] P-145, 146; U.S.D.C. C.V. 10-392, P-13.

[7] P-148.

Hollanders were not liable for damages in fraud.[8]

Having previously determined that the Hollanders had no intention of causing a loss or inconvenience, this prior ruling focused on the definition of "unjust advantage" in an effort to determine if the Hollanders had committed fraud. After reviewing all cases that discussed the issue, this Court believed that the common thread in their holdings was a fact pattern in which one party took advantage over another due to unequal positions arising from some infirmity, such as young or old age, mental incapacity, lack of education, or inexperience in business.[9] Reading this Court's attempt to define unjust advantage as a unwarranted limitation on its applicability, the District Court remanded the matter for reconsideration without reference to this perceived limitation.[10]

**II. Facts**

The full facts of this case are well documented in this Court's Memorandum Opinion dated January 14, 2009,[11] the District Court's Order and Reasons dated August 24, 2009,[12] and the Fifth Circuit's Opinion dated August 16, 2011.[13] The Court incorporates those opinions by reference.

---

[8] P-150, at 4,10.

[9] *Id.*

[10] P-166 at 6; U.S.D.C. C.V. 12-318, P-10.

[11] P-103.

[12] P-129.

[13] *Sigillito v. Hollander (In re Hollander)*, 438 Fed. Appx. 274, 2011 WL 3629479 (5th Cir. 2011).

**III. Law and Analysis**

La.C.C. art. 1953 provides:

Fraud is a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other. Fraud may result from silence or inaction.[14]

The Hollanders omitted disclosing the extent of the prior repairs to their home.[15] This Court has previously found that their omission was purposeful or at best with reckless disregard.[16] This Court has also found and leaves undisturbed, that through their omission, the Hollanders did not intend to cause the Sigillittos loss or inconvenience. The only issue, for purposes of determining whether the Hollanders committed fraud, is whether or not the Hollanders intended to obtain an unjust advantage.[17]

A party's silence or inaction, "without fraudulent intent does not constitute fraud." "Fraudulent intent or the intent to deceive is a necessary ... element of fraud" and one that "cannot be predicated upon mistake or negligence, no matter how gross."[18] Plaintiffs argue that by finding the debt nondischargeable, this Court cannot now find a lack of intent. As previously explained, the requisite element of "intent" for nondischargeability includes reckless disregard or negligence

---

[14] P-150 at 7.

[15] In asserting their state law fraud claims, the Sigillittos alleged two of the Hollanders' omissions constituted fraud. The Sigillittos alleged that the Hollanders failed to disclose known defects in the home and that they failed to disclose past alterations to the house. Because this Court found that the defects in the home were unknown to either party, the Hollanders failure to disclose the continuing problems was not fraudulent.

[16] *Id.* at 6.

[17] *Id*. at 7.

[18] *Terrebonne Concrete, LLC v. CEC Enterprises, LLC*, 76 So.3d 502, 509 (La. App. 1 Cir. 8/17/11), *writ denied*, 75 So.3d 464 (La. 11/18/11) (emphasis supplied) (Citing *Whitehead v. Am. Coachworks, Inc.*, 837 So.2d 678, 682 (La. App. 1 Cir. 12/30/02)).

4

standard while a state law fraud claim is based on active intent. Thus, the standards are different. Further, to find a state law claim in fraud, the Sigillitos must also establish *an intent to cause a consequence.*

This case illustrates how a fact pattern giving rise to nondischargeability can none the less fail to establish state law fraud. The Hollanders failed to fully answer the realtor's disclosure form question regarding prior repairs. Their failure whether purposeful or negligent constituted an omission, in a writing, that they were obligated to fully answer. As such, the damages flowing from that omission became nondischargeable. *However, for nondischargeability, the omission does not have to be made with an intention to cause harm, inconvenience or to gain an advantage. All that is required is a knowing failure to disclose. The intention to cause a consequence need not be proven.*

Since trial on the merits in this case, a newly entered Louisiana Supreme Court decision illustrates this point. In *Stutts v. Melton,*[19] the Meltons sold their home to the Stutts. Two years after the sale, the Stutts experienced a leaking roof. By contacting the Meltons' original roofer they learned that the Meltons had made a claim for a defective roof and settled it sixty (60) days prior to the Stutts' purchase of the home. Although the settlement netted the Meltons $13,600.00 for the replacement of the roof, the Meltons merely cleaned the wall where the damage was evident and pocketed the money.[20] In conjunction with the listing, the Meltons gave the Stutts a Residential Property Disclosure Form which stated that there were no known defects in the roof.[21]

---

[19] *Stutts v. Melton,* __ So.3d __, 2013 WL 5788757 (La. 10/15/13).

[20] *Id.*

[21] *Id.* at *1.

5

The Louisiana Supreme Court concluded that the Meltons committed fraud as defined by La. C.C. art. 1953.[22] The Meltons were clearly aware of the problem having obtained money to replace the defective roof. However, rather than curing the defect, the Meltons took half-measures to cover it up. The *Stutts* Court found the Meltons guilty of fraud because they both knew of the defect and omitted its disclosure with an intent to harm or gain and advantage over the Stutts.

In the instant matter, the Hollanders, like the Meltons, discovered a defect in their home prior to listing it for sale. However, the Hollanders took substantial measures to remedy the defect and justifiably believed it was cured. In the prior Reasons for Opinion, this Court found:

> The Hollanders expended over $40,000.00 to replace the damaged wood and flooring. They followed the advice of professionals in the field and spared no expense in attempting to correct the problem. They removed the insulation under the subfloor, placed ventilation fans in the crawlspace to force circulate the air, tacked visqueen on the ground as a vapor barrier, and cut additional openings in the apron surrounding the foundation. At the conclusion of the repairs, the Hollanders had no reason to believe that the problem was not solved. The Court finds the Hollanders' testimony on this point credible, and therefore, finds that the Hollanders did not know of the defect at the time of the sale.[23]

The Hollanders' wrong was their failure to describe prior repairs to the property, *not to hide known defects*. The distinction is significant because it reflects on an intention or lack of intention to gain an advantage. While the Hollanders failed to disclose the steps they took to remedy a prior problem, unlike the Meltons, they believed at the time of the sale that the problem had been corrected and no longer existed. This Court found their assumption to be credible but mistaken. The

---

[22] *Id*. at *4.

[23] P-103 at 10.

Hollanders omitted disclosing the prior alterations to the flooring system but because they believed that the problems were corrected, they did not believe that their omission was harmful nor was it designed to gain an unjust advantage. Without the requisite intent, the Hollanders' actions were not fraudulent.

### IV. Conclusion

For the above reasons, the Court holds that the Sigillitos have failed to establish, by a preponderance of evidence, their claim for fraud. The Court will enter a separate Order in accord with these reasons.

New Orleans, Louisiana, November 7, 2013.

>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>Hon. Elizabeth W. Magner
>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>U.S. Bankruptcy Judge